IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN VASQUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-239-G-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Martin Vasquez, a Texas prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, Petitioner's habeas application should be dismissed on limitations grounds.

**Background**

Petitioner pleaded guilty to aggravated robbery, and he received a thirty-year sentence on July 8, 2005, in Cause No. F-0532235-VU in the 291st Judicial District Court of Dallas County, Texas. *See Vasquez v. State*, No. 05-05-01437-CR, 2006 WL 3411102 (Tex. App. – Dallas Nov. 28, 2006, no pet.). The conviction was affirmed on appeal. *See id.* Petitioner did not file a petition for discretionary review. *See* Dkt. No. 9-1 at 43. Petitioner's counsel filed a state habeas corpus application on December 30, 2009. *See* Dkt. No. 9-1 at stamped pp. 2, 13. The state writ application was denied on July 31, 2013. *See* Dkt. No. 9-1 at state writ cover sheet.

Petitioner's federal habeas petition states that it was placed in the prison mail system on January 14, 2014. *See* Dkt. No. 3 at 10. Petitioner contends that he received ineffective assistance of trial counsel regarding the guilty plea. *See id.* at 6; Dkt. No. 4 at 2-6.

This Court noted the petition appears to be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and directed Respondent to file a preliminary response, *see* Dkt. No. 6, which Respondent did, *see* Dkt. No. 10. Petitioner has not replied, and time to reply has expired. *See* Dkt. No. 6.

**Legal Standards**

Section 2254 federal habeas corpus proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2244(d). The statute provides that the limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Based upon Petitioner's claims, Section 2244(d)(1)(A) applies. The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

**Analysis**

Petitioner was found guilty of aggravated robbery, and his conviction was affirmed on direct appeal on November 28, 2006. *See Vasquez v. State*, No. 05-05-01437-CR, 2006 WL 3411102 (Tex. App. – Dallas Nov. 28, 2006, no pet.). Petitioner did not file a petition for discretionary review.

The judgment became final when the time expired for seeking further direct appellate review by way of a petition for discretionary review, which was thirty days after the court of appeals issued its opinion. *See Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); TEX. R. APP. P. 68.2(a). The last day on which Petitioner could have filed a petition for discretionary review was December 28, 2006, and his judgment thereafter became final. His federal habeas petition was due one year later on December 28, 2007.

Petitioner's counsel filed a state habeas corpus application on December 30, 2009. *See* Dkt. No. 9-1 at stamped pp. 2, 13. But the AEDPA limitations period had already expired by then, so the state writ application did not toll the limitations period.

Petitioner states that he placed his federal habeas petition in the prison mail

-3-

system on January 14, 2014. *See* Dkt. No. 3 at 10; *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (prison mailbox rule applies to federal habeas petitions). But the AEDPA limitations period expired on December 28, 2007.

The federal habeas petition is untimely. Petitioner has not replied, and the record does not show any basis for equitable tolling.

### Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE